CHARLES H. OSHEI, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 63639. Promulgated August 7, 1934.

*Benjamin J. Manley, Esq.*, for the petitioner.
*B. M. Coon, Esq.*, for the respondent.

OPINION.

VAN FOSSAN: The respondent determined a deficiency of $2,404.28 for the year 1929. This finding was consequent on his action in holding a certain sale of stock to be a short sale not completed within the taxable year. The specific error set out is the failure to allow a deduction of $41,575.91 alleged loss on a sale of 2,000 shares of stock of the Trico Products Corporation.

During 1929 petitioner maintained margin accounts with various brokers. In December of that year the firm of Hornblower & Weeks in New York was calling for additional margin. Petitioner, on December 23, 1929, asked another broker in Detroit, Hentz & Co., to sell 2,000 shares of Trico stock being carried in the Hornblower & Weeks account, send the money to Hornblower & Weeks, and pick up the stock for delivery, thus putting their account in better shape. All instructions were oral. The petitioner left Detroit on

December 24 and was out of touch with the situation until early in January 1930.

Hentz & Co. put through the order to sell 2,000 shares of Trico stock in due course. That evening they sent two letters to petitioner's office for signature, one being authority to Hentz & Co. to receive the stock, and the other being an order on Hornblower & Weeks to deliver the stock to Hentz & Co. against payment of a named amount ($60,000). Being unable to locate petitioner, Hentz & Co. used 700 shares of Trico stock in its hands and borrowed from business friends sufficient additional stock to accomplish delivery on the sale. The exact date of such delivery was not proved.

Petitioner returned to Detroit sometime in January and thereafter signed the letters authorizing Hentz & Co. to receive the stock and ordering Hornblower & Weeks to deliver the stock against payment. The stock was actually delivered by Hornblower & Weeks to Hentz & Co. on January 27, 1930.

On December 24, 1929, petitioner had no Trico Products Corporation stock with Hentz & Co. On the books of Hentz & Co. under date of December 24, 1929, an entry appears indicating sale by them of 2,000 shares of Trico, followed by the letter " S ", which was explained·as an abbreviation for " Short." On December 31 the accounts of Hornblower & Weeks showed petitioner's account to contain 4,967 shares of Trico, followed by the letter " L "; on January 31, 1930, the books of Hornblower & Weeks showed petitioner with 2,967 shares of Trico " Long."

Albeit the books of Hentz & Co. recorded the sale of December 24, 1929, as a short sale, and although the representative of that company testified that " for the time being it was a short sale ", we do not deem it necessary to this opinion to determine whether or not technically it should be defined as a short sale. In our judgment, the contention of petitioner must be denied, because the transaction was not completed as to petitioner until January 1930. Assuming that the borrowed stock was delivered in 1929, a fact not proved, does not conclude the transaction. If the sale was a " short " sale, there remained the purchase to replace the borrowed stock. If the sale was not a short sale, it was not concluded until January 1930. We are primarily concerned with the transaction from the point of the petitioner. As to him, the transaction was never closed until his instructions were carried out and the stock in the hands of Hornblower & Weeks had been delivered to Hentz & Co. upon the payment of $60,000. This did not occur until January 27, 1930. Petitioner contends that the sale intended by him was that of 2,000 shares held by Hornblower & Weeks. But such sale was not consummated until the payment for and release of the stock held by

them. Petitioner contends he did not intend to make a short sale. This is but one horn of the dilemma in which petitioner finds himself. If the sale was a short sale it was not consummated in 1929. If it was not a short sale, the same conclusion follows.

The simple and obvious fact is that the sale of 2,000 shares of petitioner's Trico stock held by Hornblower & Weeks was not a closed transaction on any theory until late in January 1930. Thus the loss could not be deducted in 1929. Nor may petitioner profit from the fact that the Commissioner may have assigned an erroneous basis for disallowing the deduction. When the facts show the deduction improper it will be disallowed, regardless of the reason assigned in the notice of deficiency.

*Decision will be be entered for the respondent.*